UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CAPRICE SMITH,

                                                                                          <u>DECISION AND ORDER</u>

                                 Plaintiff,

                                                                                          16-CV-6150L

                             v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                                 Defendant.
_____

# INTRODUCTION

Plaintiff Caprice Smith ("plaintiff"), brings this action under 42 U.S.C. §405(g) to review the final determination of the Commissioner of Social Security ("the Commissioner") that she is not disabled under the Social Security Act.

Plaintiff originally applied for a period of disability and disability insurance benefits, as well as supplemental security income, on March 8, 2013. She listed a disability onset date of November 30, 2012. (Dkt. #7 at 10). Plaintiff's applications were initially denied. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on September 18, 2014 via videoconference before ALJ James G. Myles. The ALJ issued a written decision on October 3, 2014 determining that plaintiff was not disabled under the Act (Dkt. #7 at 10-20), and his decision became the final decision of the Commissioner when the Appeals Council denied review on January 13, 2016. (Dkt. #7 at 1-3). This appeal followed.

The plaintiff has moved (Dkt. #10) and the Commissioner has cross-moved (Dkt. #16) for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. For the

reasons set forth below, the Commissioner's decision is vacated, and the matter is remanded for further proceedings.

## DISCUSSION

## I. Applicable Standards

A person is considered disabled when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . . 42 U.S.C. §423(d)(1)(A). In order to determine whether a claimant is disabled, an ALJ employs a consecutive five-step inquiry, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).

The Commissioner's decision that plaintiff was not disabled must be affirmed if it applies the correct legal standards and is supported by substantial evidence. 42 U.S.C. § 405(g); *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the Commissioner's decision "rests on adequate findings supported by evidence having rational probative force," a district court cannot not substitute its own judgment for that of the Commissioner. *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002); *see also Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) ("[i]t is not the function of a reviewing court to decide *de novo* whether a claimant was disabled").

Such a deferential standard, however, is not applied to the Commissioner's conclusions of law. *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984). The Court must determine if the

Commissioner's decision applied the correct legal standards in finding that plaintiff was not disabled. "Failure to apply the correct legal standards is grounds for reversal." *Id.*, 748 F.2d at 112. "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998).

## II.    The ALJ's Decision

The ALJ found that plaintiff had severe impairments, consisting of osteoarthritis, degenerative disc disease of the lumbar and cervical spine, mild avascular necrosis of the hips, and depression. (Dkt. #7 at 12). Upon review of the record, the ALJ concluded that plaintiff retained the residual functional capacity ("RFC") to perform light work, except that she could only occasionally crouch, balance, stoop, climb, kneel and crawl, and should avoid ladders, ropes and scaffolds. The claimant is further limited to routine, unskilled work. (Dkt. #7 at 14). When presented with this RFC, vocational expert William T. Cody testified that a person with plaintiff's RFC could perform the positions of sorter, packer and cleaner. (Dkt. #7 at 19).

### A.    The Treating Physician Rule

It is well-settled that "the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence." *Shaw*, 221 F.3d at 134. In determining what weight to give a treating physician's opinion, the ALJ must consider: (1) the length, nature and extent of the treatment relationship; (2) the frequency of examination; (3) the evidence presented to support the treating physician's opinion; (4) whether the opinion is consistent with the record as whole; and

(5) whether the opinion is offered by a specialist. 20 C.F.R. §404.1527(d)[1]. Further, the ALJ must articulate his reasons for assigning the weight that he does accord to a treating physician's opinion. *See Shaw*, 221 F.3d at 134. *See also Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) ("[f]ailure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand") (internal quotations omitted). An ALJ's failure to apply these factors and provide reasons for the weight given to the treating physician's report is reversible error. *See Snell*, 177 F.3d at 134.

Plaintiff's primary care physician since at least 2012, internist Dr. Karen G. Nead, provided an RFC assessment on May 6, 2013. Dr. Nead opined that in light of plaintiff's diagnoses, including lumbar disc degeneration (prognosis: "poor"), hypertension, Graves disease and depression, plaintiff's ability to walk would be moderately limited (to no more than 2-4 hours in an 8-hour workday), and her ability to stand, sit, push/pull/bend, and lift/carry, would be very limited (to no more than 1-2 hours in an 8-hour workday). (Dkt. #7 at 217-20).

The ALJ summarily rejected Dr. Nead's opinion as "vague," and assigned it limited weight, citing the fact that the form Dr. Nead used to indicate the extent of each exertional limitation included a "check box" portion.[2]

---

[1] A recent change to the Administration's regulations regarding the consideration of opinion evidence will eliminate application of the "treating physician rule" for claims filed on or after March 27, 2017. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844, 5848-49 (Jan. 18, 2017) (to be codified at 20 C.F.R. pts. 404 and 416). For the purposes of this appeal, however, the prior version of the regulation applies.

[2] Review of the ALJ's discussion of Dr. Nead's opinion is further frustrated by the disjointedness of the paragraph in which it appears. After rejecting Dr. Nead's opinion, the ALJ lists, presumably as evidence contradicting Dr. Nead's opinion, plaintiff's "[ability to] walk up to six hours . . . normal gait, and . . .tenderness in the lumbar spine." (Dkt. #7 at 17). This combination of findings is not included in Dr. Nead's report, and it is unclear what evidence the ALJ was referring to in making this observation. The ALJ then proceeds to describe a Social Security field office opinion concerning plaintiff's need for "stretch breaks" which the ALJ observes "is consistent with Dr. Nead's opinion that the claimant could not sit for long periods," but the ALJ nonetheless declines to incorporate such limitations into his RFC finding, because the unspecified "record of evidence [sic] and the claimant's activities" suggest an ability to perform light work. *Id*.

Initially, the Court finds the ALJ's characterization of Dr. Nead's opinion to be erroneous. While the form used by Dr. Nead does include some check-boxes and was not filled out in its entirety, it is hardly vague or unsupported. The form includes a thorough listing of plaintiff's diagnoses and the prognosis for each, lists all of her prescribed medications, provides an objective assessment rendered after a physical examination (height, weight, appearance, gait, squat, etc.), and gives specific opinions concerning plaintiff's physical functions in light of those diagnoses and assessment.

The ALJ's dismissal of Dr. Nead's opinion as "vague," and failure to consider any of the factors relevant to the evaluation of a treating physician's opinion, is error. *See Rankov v. Astrue*, 2013 U.S. Dist. LEXIS 46969 at *28-*31 (E.D.N.Y. 2013) (ALJ committed reversible error where she declined to grant controlling weight to treating physician because the form submitted by the physician was cursory and/or ambiguous: to the extent the ALJ was concerned that checkmarks on the form lacked a proper clinical foundation, she was required to request clarification from the physician before discounting his opinion). The ALJ does not appear to have considered the length and frequency of Dr. Nead's treating relationship with the plaintiff, her credentials, or any of the evidence supporting or contradicting her conclusions. Indeed, the record does contain evidence consistent with Dr. Nead's opinion which the ALJ referenced in his decision, but does not appear to have actually credited in determining plaintiff's RFC. This includes, inter alia, the April 15, 2013 opinion of consulting internist Dr. Karl Eurenius that due to back pain and neurological deficits plaintiff was moderately limited with respect to sitting, standing, walking, climbing, bending, lifting and carrying (Dkt. #7 at 209-12), treatment records documenting Dr. Nead's ongoing attempts to treat plaintiff's pain with an aggressive series of multiple narcotics which were frequently adjusted, and MRI records confirming degenerative changes in plaintiff's cervical

spine, with minimal to mild spinal stenosis at levels C2-3 through C5-6, and moderate to severe neural foraminal narrowing (compression of the spinal nerve root) at C4-5 and C5-6. (Dkt. #7 at 405-09).

I therefore find that the ALJ's determination that Dr. Nead's opinion was not entitled to controlling weight failed to properly consider the relevant factors and is unsupported by the evidence of record. *See* 20 C.F.R. §404.1527(d)(2).

**B.     The Commissioner's Burden to Prove That Plaintiff Can Perform Work**

At step five of the disability determination, the Commissioner has the burden of proving that there were other jobs that plaintiff could perform, in light of her age, education, work experience, and RFC. *See Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002). That burden was not met here when the ALJ relied on testimony by a vocational expert to determine that plaintiff was "not disabled," to the extent that the hypothetical RFC that the vocational expert was provided was based on an improperly-supported rejection of the opinion of plaintiff's treating physician. As a result, the record does not provide substantial evidence that plaintiff can perform other work. *See Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980); *Mathews v. Barnhart*, 220 F. Supp. 2d 171, 175-76 (W.D.N.Y. 2002).

Based on the foregoing, the Commissioner has failed to meet her burden to explain why the opinion of plaintiff's treating physician was not afforded controlling weight, or to demonstrate that plaintiff can perform any work that exists in the economy. Where, as here, "'there are gaps in the administrative record or the ALJ has applied an improper legal standard,'" the appropriate course is to remand the matter to the Commissioner for further development of the evidence. *See Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) (quoting *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980)). This is not a case "[w]here the existing record contains persuasive proof of disability

and a remand for further evidentiary proceedings would serve no further purpose . . ." *Martinez v. Commissioner*, 262 F.Supp.2d 40, 49 (W.D.N.Y.2003). *See also Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000). Remand is required so that the Commissioner can apply the proper legal standards in weighing the evidence of record, and to obtain additional evidence and clarification, as appropriate, from plaintiff's treating physician. *See Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999).

## CONCLUSION

Plaintiff's motion for summary judgment (Dkt. #10) is granted. The Commissioner's cross-motion for summary judgment (Dkt. #16) is denied. The Commissioner's decision that plaintiff was not disabled is vacated pursuant to 42 U.S.C. §405(g), and the case is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      March 8, 2018.